**HOSPITAL RESOURCE PERSONNEL, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 194–53.**

United States District Court,
S.D. Georgia,
Augusta Division.

June 3, 1994.

Thomas Reuben Burnside, Jr., Burnside, Wall, Daniel, Ellison & Revell, Augusta, GA, for plaintiff.

Edmund Alexander Booth, Jr., Augusta, GA, and James B. Thompson, Jr., Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

### ORDER

BOWEN, District Judge.

Before the Court in the above-captioned case is Plaintiff Hospital Resource Personnel, Inc.'s Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction. Plaintiff's Motion seeks to restrain and enjoin the United States of America, through officers and agents of the Internal Revenue Service ("IRS"), from enforcing a Federal tax lien on Plaintiff's assets and from implementing other efforts to collect certain assessed taxes. Also before the Court is Plaintiff's Motion for Leave to Amend its Complaint to add a claim for the injunctive relief addressed above.

Plaintiff operates a registry of nurses from which hospitals in the Augusta and the surrounding Central Savannah River Area may fill additional staffing needs when high patient censuses require extra on-duty nurses.

When the nurses complete their agreed-upon services for the hospitals, they submit completed time sheets to Plaintiff's office. Plaintiff pays the nurses an hourly rate and then receives payment from its client hospitals for the hours the nurses actually worked.

The IRS has assessed taxes apparently in excess of $1,144,000.00 against Plaintiff. The IRS claims that the nurses on Plaintiff's registry were employees rather than independent contractors and that Plaintiff should have withheld employment taxes on all payments made to Plaintiff's nurse employees. Plaintiff claims that the nurses on its registry have at all times been treated as independent contractors, that the Plaintiff has filed all necessary 1099 information returns on its nurses, that no withholding was necessary, and that the IRS has wrongfully assessed the taxes at issue.

Plaintiff has filed the instant lawsuit seeking 1) a refund of $82.27 representing employment taxes paid under protest to the IRS, and 2) injunctive relief prohibiting the government from asserting its federal tax lien or from otherwise collecting the additional taxes assessed.

▮ The Court is mindful of the Anti–Injunction Act, 26 U.S.C. § 7421, and its strong mandate against restraining the government's efforts in the collection of assessed taxes. The Court also notes, however, that the Anti–Injunction Act is not an absolute prohibition against such interference. The Supreme Court has determined that an exception to the Act exists in certain limited circumstances. *See Miller v. Standard Nut Margarine Co.,* 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932); *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). If a taxpayer can show 1) that under no circumstances can the government ultimately prevail on the merits, and 2) that equity jurisdiction otherwise exists, then the taxpayer's suit may be maintained in district court to enjoin the collection of taxes. *Enochs, supra* at 7, 82 S.Ct. at 1129.

▮ It appears that the judicially created exception to the Anti–Injunction Act may apply in the present case. The testimony at the May 25, 1994, hearing on the present motion indicates that Plaintiff has a more than substantial likelihood of success on the merits of its claim for more lasting injunctive relief.[1] Plaintiff, through the testimony of its officer David M. Barbee, has thus far presented a compelling case that the government could in no circumstances prevail on the merits of its case. The Declaration of Revenue Officer Merritt J. Swinney, on the other hand, is merely a conclusory adoption of his 1991 investigation of Plaintiff to determine Plaintiff's liability for employment taxes.

While an IRS tax assessment made in good faith may enjoy a facial presumption of validity, the IRS in the present case appears to have ignored the countervailing presumptions afforded taxpayers in the "safe haven" provisions of § 530 of the Internal Revenue Act of 1978, Pub.L. 95–600, 92 Stat. 2763, 2885–86 (November 6, 1978) (codified at 26 U.S.C. § 3401 note (1982) (as amended). These provisions, which counsel for the government acknowledges apply in the present case (*see* Response number 3 of United States to Local Rule 8.6 Interrogatories), generally provide safe haven to the taxpayer who does not treat his workers as employees for withholding tax purposes when the taxpayer had any "reasonable basis" for such treatment. According to House Report No. 95–1748, 95th Cong., 2d Sess. 3–4 (1978), Section 530 was intended to protect a taxpayer "if a taxpayer had *any reasonable basis* for treating its workers as other than employees" (emphasis added). Significantly, the report further states that "[t]he committee intends that this reasonable basis requirement be *construed liberally in favor of the taxpayers.*" *Id.* at 631–32 (emphasis added).

In addition to the many common law factors probative of whether a worker is to be treated as an employee or as an independent contractor—most of which, if not all of which,

---

1. A "substantial likelihood of success" in the present motion for a temporary restraining order means a substantial likelihood of proving the two elements of the *Enochs* test required to enjoin the government's tax collection efforts.

indicate that the nurses on Plaintiff's registry are independent contractors rather than employees—section 530(a)(2) provides three statutory safe havens for taxpayers who do not treat their workers as employees for withholding tax purposes. According to these subsections, a taxpayer *shall be* treated as having a reasonable basis for not treating an individual as an employee if the taxpayer does so in reasonable reliance on published rulings, technical advice with respect to the taxpayer, or a long-standing recognized practice of a significant segment of the industry.

The taxpayer herein clearly fits within all of these safe havens: it acted in reasonable reliance on published revenue rulings (e.g. Revenue Ruling 61–196, 1961–2 CB 155, finding registered and practical nurses to be skilled professionals who ordinarily have full discretion in administering their services and are considered independent contractors in the performance of private duty nursing services); it acted upon the technical advice of certified public accountants and tax attorneys; and it acted in accordance with long-standing practice in a significant segment of its industry.[2]

Based on the safe haven provisions discussed above, Plaintiff has a very substantial likelihood of success on the merits. The overwhelming evidence of the applicability of these safe haven provisions in the present case appear to negate the presumed validity of the taxes assessed, and may, in fact, create a presumption in favor of the *taxpayer's* treatment of the nurses on its registry as independent contractors rather than employees.

In addition to the likelihood of success on the merits, it also appears that Plaintiff will suffer irreparable injury if the government's collection efforts are not, at least temporarily, restrained. Plaintiff's assets pale in comparison to the taxes assessed against it, and, according to the testimony of David Barbee, the collection efforts threatened to commence June 3, 1994, would effectively force Plaintiff out of business. The burden to the government if such efforts are restrained until the Court can thoroughly analyze the merits of the requested relief would be far outweighed by the burden to the Plaintiff if temporary relief were not granted and its business were ruined while the matter is being examined.

Since the parties have indicated that the government's collection efforts, including a levy on Plaintiff's assets, may begin as soon as June 3, 1994, Plaintiff's Motion for Temporary Restraining Order is hereby **GRANTED** to preserve the status quo until the Court can conduct a thorough inquiry into the propriety of a preliminary or permanent injunction. The Defendant shall not pursue efforts to collect the taxes at issue in the present case before June 17, 1994, and shall not pursue such efforts thereafter before first filing notice of such intent with the Clerk of the Court and serving a copy of such notice directly to the presiding judge at 985 Broad Street, Augusta, Georgia 30901, by overnight mail or by hand delivery through the United States Attorney's Office.

I note that in my initial examination of Plaintiff's case, I am concerned particularly with whether Plaintiff had adequate remedies at law, including whether Plaintiff pursued or could have pursued a suit in Tax Court for reassessment prior to filing the present suit. Plaintiff's burden of proving that the government could not prevail under any circumstances and under the most liberal view of the law and facts in favor of the government, *see Enochs, supra* at 7, 82 S.Ct. at 1129—or in other words, that the government's case has no basis in fact—is also a significant obstacle to Plaintiff's ability to obtain more lasting injunctive relief. The

---

**2.** The affidavit of David M. Barbee indicates that Plaintiff's only significant competitor in its operating area is ATC Nursing Services. Barbee states that, like Plaintiff, ATC treats the nurses on its registry as independent contractors for employment tax withholding purposes. *See* Aff. of Barbee, ¶ 9. There is no evidence in the record contradicting this statement.

Barbee also claims that ATC was audited by the IRS in 1991 and was given a "clean bill of health" even though ATC does not withhold employment taxes from nurses on its registry. Although such an audit would not place this taxpayer—Plaintiff herein—within the safe haven provision of § 503(a)(2)(B), treatment by the IRS of what is alleged to be an almost identical business might be a further "reasonable basis" for Plaintiff's classification of its nurses as independent contractors.

parties are invited to more fully brief the Court on these issues if they so desire.

Plaintiff's Motion for Leave to Amend its Complaint is **GRANTED.** Decision is reserved on Plaintiff's Motion for preliminary and permanent injunctive relief.